IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RICKEY TONEY                                                             PETITIONER

VS.                                         CIVIL ACTION NO. 5:07-cv-4(DCB)
                                                 Criminal No. 5:06-cr-1(DCB)(AGN)

UNITED STATES OF AMERICA                            RESPONDENT

## JUDGMENT OF DISMISSAL

This matter is before the Court <u>sua sponte</u> for consideration of dismissal. The Court has reviewed the entire record and finds as follows:

The petitioner previously filed a Motion to Grant Time Spent in Custody, which was denied by the Court. Toney's present motion, though styled a "Motion Under 28 U.S.C. § 2255," is simply a re-urging of his previous motion.[1] The Court has already denied the relief requested and the present motion is therefore denied as moot.

Because Toney filed his motion as one under § 2255, the Court further finds that pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or

---

[1] A motion for credit of time calls for computation of the service of a legally rendered sentence and is not directed toward the sentence itself so as to be cognizable under 28 U.S.C. § 2255. <u>United States v. Gabor</u>, 905 F.2d 76, 78 (5th Cir. 1990).

(2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[2] The Court therefore denies a certificate of appealability.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Rickey Toney's "Motion Under 28 U.S.C. § 2255," which the Court construes as a re-urging of his Motion to Grant Time Spent in Custody, is DENIED as moot and dismissed with prejudice.

FURTHER ORDERED AND ADJUDGED that a certificate of appealability is DENIED.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certifiacte, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

SO ORDERED AND ADJUDGED, this the 24th day of March, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE